IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES LEONARD JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:05-cv-01202-MHT-VPM |
| | ) |
| RANDOLPH COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' SPECIAL REPORT

COME NOW Jeff Fuller, Sheriff of Randolph County, Alabama, Shirley Johnson, Jail Administrator, of the Randolph County Detention Center, and Craig Davidson, Assistant Jail Administrator of the Randolph County Detention Center, Defendants in the above-styled cause, and submit their Special Report to the Court.

## INTRODUCTION

On December 16, 2005, Plaintiff James Leonard Johnson, filed his Complaint in the United States District Court for the Middle District of Alabama. On December 21, 2005, the Magistrate Judge entered a Report and Recommendation that the Randolph County Jail be dismissed pursuant to the provisions of 28 U.S.C. 1915(e)(2)(B)(i). That same day the remaining Defendants were ordered to file a Special Report within 40 days of the date of the order. On January 26, 2006, the United States District Judge entered an Order adopting the Magistrate Judge's Report and Recommendation and dismissing the Randolph County Jail as a Defendant in this action. On January 27, 2006, this Court granted the Defendants' Motion for Extension of Time, granting the Defendants until February 13, 2006, to file their Special Report and Answer.

Plaintiff was arrested on May 5, 2005, on charges of Criminal Mischief in the Second

Degree. He was also charged with Unlawful Possession of Liquor, and Giving False Information to Police. (Exhibit A, Inmate File of James Leonard Johnson, "Inmate File," Alabama Uniform Arrest Report dated May 5, 2005, Case # 050505201; Exhibit B, Inmate File, Alabama Uniform Arrest Report dated May 5, 2005, Case # 050505603; Exhibit C, Inmate File, Uniform Non-Traffic Citation and Complaint dated June 14, 2005, for the offense of Unlawful Possession of Liquor; and Exhibit D, Inmate File, Uniform Non-Traffic Citation and Complaint dated June 14, 2005, for the offense of Giving False Information to Police.) He was booked into the Randolph County Detention Center that day. (Exhibit E, Inmate File, Inmate Information Form.) The Plaintiff pled guilty to the charge of Criminal Mischief in the Second Degree on June 7, 2005. (Exhibit F, Alabama SJIS CC/DC Case Detail DC 2005-000310.) Therefore, the Plaintiff was a convicted prisoner at the time of the actions which form the basis of his Complaint. The Plaintiff was released into the custody of the Anniston Police Department on December 6, 2005. (Ex. E, Inmate Information Form.)

### PLAINTIFF'S ALLEGATIONS

The Plaintiff alleges that he was subjected to cruel and unusual punishment from October 5, 2005, until October 12, 2005, because he was placed in an isolation cell for seven days with two other men. (Plaintiff's Complaint, p. 3.) The Plaintiff also alleges that the isolation cell contained only one bed and that the cell contained no running water and the toilet did not work. (Plaintiff's Complaint, p. 3.) The Plaintiff requests compensation for time spent in the isolation cell. (Plaintiff's Complaint, p. 4.) Additionally, the Plaintiff requests that Jail Administrator Johnson and Captain Craig Davidson be relieved of their duties. (Plaintiff's Complaint, p. 4.)

### DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendants deny the allegations made against them by Plaintiff as being untrue and

completely without basis in law or fact. Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled. (Exhibit G, Affidavit of Sheriff Jeff Fuller, "Fuller aff.," ¶ 4; Exhibit H, Affidavit of Jail Administrator Shirley Johnson, "Johnson aff.," ¶ 4; Exhibit I, Affidavit of Assistant Jail Administrator, Captain Craig Davidson, "Davidson aff.," ¶ 4.) Defendants raise the defenses of Eleventh Amendment immunity, qualified immunity, Plaintiff's failure to comply with the Prison Litigation Reform Act, and additional defenses presented below. Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

**I.    FACTS**

Sheriff Jeff Fuller has delegated the responsibility for the day-to-day functions of the Randolph County, Alabama, Detention Center to the Jail Administrator Shirley Johnson. As Sheriff of Randolph County, Alabama, Jeff Fuller is responsible for promulgating the policies governing the Detention Center. (Ex. G, Fuller aff. ¶5.) The Randolph County Sheriff's Department operates the Randolph County Detention Center pursuant to constitutionally sound policies and procedures which ensure that the rights of all inmates incarcerated therein are respected. It is the policy of the Randolph County Sheriff's Department that inmates are allowed adequate living quarters to sleep in and are able to access toilet facilities as needed. (Ex. G, Fuller aff. ¶ 6.) The Defendants have complied with all policies and procedures of the Randolph County Detention Center. They are not aware of nor have they authorized or allowed any deviation from said policies and procedures. (Ex. G, Fuller aff. ¶ 8; Ex. H, Johnson aff. ¶ 11; Ex. I, Davidson aff. ¶ 11.)

On October 4, 2005, Corrections Officers Craig Hann and Matthew Fendley overheard someone in C-Block yell out that someone was going to die. Therefore, Officers Hann and

Fendley opened the door to C-Block to investigate. The Plaintiff, Terrance Reese, and T.J. Hatcher were in the day room along with other inmates. (Exhibit J, Affidavit of Matthew Fendley[1], "Fendley aff.," ¶ 2; Exhibit K, Affidavit of Craig Hann[2], "Hann aff.," ¶ 2.) When the officers asked who had made that threat, the Plaintiff said for the Officers to mind their business and began swearing, telling Officer Hann to "get the fuck on." Therefore, Officer Fendley said for the Plaintiff to come with him and Officer Hann because he was going to be locked down. (Ex. J, Fendley aff. ¶ 3; Ex. K, Hann aff. ¶¶ 3-4.) The Plaintiff refused the order saying that he was not going anywhere. Officer Hann again ordered the Plaintiff to come with them, and he again refused. Officer Hann ordered the Plaintiff and all the other inmates to go to their cells and warned them that if they refused, he would use his O.C. spray on them. However, Terrence Reese told Officers Hann and Fendley "we ain't going fucking nowhere." Officer Hann sprayed Reese, and the other inmates scattered. (Ex. J, Fendley aff. ¶ 4; Ex. K, Hann aff. ¶¶ 4-6.) Hatcher then began arguing with Officers Hann and Fendley. (Ex. J, Fendley aff. ¶ 5.) The officers took Reese, Hatcher, and Johnson to the holding area, and they were placed in one of the holding cells. Hatcher tried to fight with Officers Hann and Fendley as they were placing him in the holding cell. (Ex. J, Fendley aff. ¶ 6; Ex. K, Hann aff. ¶ 7.)

All the actions of Officers Hann and Fendley were taken in furtherance of the legitimate safety and security interests of the Randolph County, Alabama, Detention Center, including the inmates and the staff in a situation where the Plaintiff was a threat to those interests. (Ex. J, Fendley aff. ¶ 7; Ex. K, Hann aff. ¶ 8.) That night, per Randolph County, Alabama, Detention

---

[1] Attached hereto is an unsigned copy of the Affidavit of Matthew Fendley. Matthew Fendley has signed the affidavit; however, Counsel for Defendants has not yet received the signed original. Defendants will supplement this Special Report with the signed Affidavit once received.

[2] Attached hereto is an unsigned copy of the Affidavit of Craig Hann. Craig Hann has signed the affidavit; however, Counsel for Defendants has not yet received the signed original. Defendants will supplement this Special

Center policies and procedures, Officers Fendley and Hann filled Alabama County Jail Incident Reports regarding this incident and turned in the Report to Captain Craig Davidson. (Ex. J, Fendley aff. ¶ 8; Exhibit 1 to Fendley aff., Alabama County Jail Incident Report dated October 4, 2005; Ex. K, Hanna ff. ¶ 9; Exhibit 1 to Hann aff., Alabama County Jail Incident Report dated October 5, 2005.)

     The Plaintiff was placed in the holding cell on October 4, 2005, because he posed a threat to the safety and security interests of the Randolph County Detention Center. (Ex. H, Johnson aff. ¶ 5; Ex. I, Davidson aff. ¶ 5.) It was necessary to separate him and the two other inmates from the rest of the jail population because it was evident that the Plaintiff and the other two inmates intended to start a riot. These safety and security interests were the reason for placing the Plaintiff in the holding cell. (Ex. I, Davidson aff. ¶ 5.) The cell in which the Plaintiff was placed on October 4, 2005, has an operational toilet, sink, and running water. (Ex. H, Johnson aff. ¶ 7; Ex. I, Davidson aff. ¶ 5.) Although the cell in which the Plaintiff and the other two inmates were placed has only one bed, the inmates had mats to sleep on. In fact, they were allowed to have all their property from their previous cell with them in the holding cell. (Ex. I, Davidson aff. ¶ 7.) Plaintiff was placed back in the general population after five days in the holding cell. (Ex. H, Johnson aff. ¶ 8.)

     Internal grievance procedures at the Randolph County Detention Center are available to all inmates. It is the policy of the Randolph County Detention Center that inmates are permitted to submit grievances and that each grievance will be acted upon accordingly. Inmates are given an inmate grievance form upon their request to complete and return to a detention center staff member for any grievance they may have. It is further the policy and procedure of the Randolph

---

Report with the signed Affidavit once received.

County Detention Center to place each such grievance in the inmate's file for a record of the same. (Ex. G, Fuller aff. ¶ 7; Ex. H, Johnson aff. ¶ 9; Ex. I Davidson aff. ¶ 9.) Plaintiff has not complied with the grievance procedures of the Randolph County, Alabama, Detention Center. Jail Administrator Johnson has never received any grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. As there is a grievance procedure in the Randolph County Detention Center, it could have been used by the Plaintiff to make known any questions or concerns he had regarding his incarceration. Jail Administrator Johnson never received any such grievance, and to the best of her knowledge, no grievance was ever written by the Plaintiff concerning these matters. Had any request form or grievance been submitted by the Plaintiff, it would have been placed in his inmate file per Detention Center policy. However, Plaintiff's inmate file is devoid of any such grievance. (Ex. H, Johnson aff. ¶ 10.)

## II. LAW

### A. All claims by the Plaintiff against the Defendants in their official capacities must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C. § 1983.

Plaintiff's claims against Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction; as such claims are barred by the Eleventh Amendment to the United States Constitution. Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, Ala., 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county

sheriffs).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a <u>person</u>, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Any claims against Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983 and therefore claims against them in their official capacities fail to state a claim upon which relief can be granted. <u>Id.</u>; <u>Carr v. City of Florence, Ala.</u>, 916 F.2d 1521, 1525 n.3 (11th Cir. 1990).

    **B.**    **Plaintiff's failure to comply with the Prison Litigation Reform Act bars the Complaint.**

        **1.**    **Plaintiff has failed to exhaust all Administrative Remedies.**

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him. First, the Plaintiff has not exhausted the grievance procedures provided at the Randolph County Detention Center. Secondly, he has not alleged that he pursued any grievance through the State Board of Adjustment. See <u>Brown v. Tombs</u>, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies). Despite the availability of a grievance procedure at the Randolph County Detention Center, Plaintiff did not file a grievance with the Randolph County Detention Center.

In addition to the grievance procedure at the local level, Alabama law provides the

7

opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to Ala. Code § 41-9-60. The Sheriff of Randolph County is a state officer, as are his alter egos, and therefore would be entitled to sovereign immunity. See Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1998). Due to this immunity, the State of Alabama has provided an administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment.

As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing this action under § 1997e(a). See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies).

      **2.    Plaintiff's claims are barred by the Prison Litigation Reform Act because he has not suffered any physical injury as a result of the allegations in his Complaint.**

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . . In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002. In the Plaintiff's Complaint, he does not allege that he was physically injured as a result of any alleged constitutional violation. Because Plaintiff has not made a showing of physical injury that is greater than de minimis, his Complaint is due to be dismissed.

      **C.    Alternatively, Defendants are entitled to summary judgment based on qualified immunity because nothing in their conduct crossed a "bright line" contour of clearly established constitutional law.**

Defendants were acting within their discretionary authority as Sheriff and Detention Center officials of Randolph County during all times relevant to Plaintiff's Complaint because

all their actions were taken in the furtherance of their job duties. See, e.g. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252 (11th Cir. 2004). Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that these Defendants had "fair warning" that their conduct violated the plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of these Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424. "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their

9

conduct was unlawful. He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the conduct of the Defendant was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

In order to establish a conditions of confinement claim Plaintiff "must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering [constituting cruel and unusual punishment], (2) the defendant[s'] 'deliberate indifference' to that condition, and (3) causation. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (first element); Wilson v. Seiter, [502] U.S. [294, 303], 111 S. Ct. 2321, 2327, 115 L.Ed.2d 271 (1991) (second element); Williams v. Bennett, 689 F.2d 1389-90 (11th Cir. 1982) (third element). Whether a particular condition of confinement constitutes cruel and unusual punishment is an objective inquiry; whether jail officials were deliberately indifferent to that condition is a subjective inquiry. Wilson v. Seiter, 502 U.S. at 290.

In terms of the subjective component, "[t]o be deliberately indifferent, a [jail] official must knowingly or recklessly disregard an inmate's basic needs." LaMarca v. Turner, 995 F.2d

at 1535. "[A] plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" Id. (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986). There must be evidence that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). The Court equates the level of culpable intent required to the standard employed in the context of *criminal* recklessness prosecutions. Id. at 1979-80. No liability can be attributed to "an official's failure to alleviate a significant risk which he should have perceived but did not." Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996). Where jail officials attempt to remedy constitutional short-comings but fail to do so, the official cannot be found to have been "deliberately indifferent" unless the official knew of but disregarded appropriate effective alternatives. LaMarca, 995 F.2d at 1536.

Plaintiff cannot show that Defendants have been deliberately indifferent to conditions at the Randolph County Detention Center. Deliberate indifference to an inmate's health or safety can only be shown if the defendants know that the inmate faces a substantial risk of serious harm and disregard the risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825 (1994). Plaintiff has failed to allege or offer any evidence sufficient to sustain a claim that being placed in a holding cell for five days for the purpose of separating him and the other offending inmates from the general population in order to prevent a riot constituted cruel and unusual punishment. The Defendants acted in the furtherance of the legitimate safety and security interests of the Randolph County Detention Center, including the inmates and staff.

In this case, none of the conditions of which Plaintiff complaints constitutes an excessive risk to his health or safety. Plaintiff has not shown how he has been injured as a result of any of his allegations. Further, Plaintiff never filed a grievance concerning his allegations, and there is no other evidence showing that the Defendants knew of or disregarded any alleged risk. It is clear from the evidence that Defendants acted according to established lawful policies and procedures with regard to Plaintiff. The Plaintiff had access to a mat for sleeping, and he had access to a toilet, sink, and running water. Furthermore, he had access to all property which he had when he was in the general population of the Detention Center. Based on the foregoing, it is clear that Defendants have not violated Plaintiff's constitutional rights. Further, Plaintiff cannot show that clearly established law provided Defendants with fair warning that their conduct was unlawful. Therefore, Defendants are entitled to qualified immunity.

**D.     Plaintiff has failed to allege sufficient personal involvement on each claim.**

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the defendants and the constitutional deprivation. <u>Swint v. City of Wadley</u>, 51 F. 3d 988 (11th Cir. 1995). The requisite causal connection may be shown by the personal participation of the defendant, a policy established by the defendant resulting in indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury. <u>Zatler v. Wainwright</u>, 802 F. 2d 397 (11th Cir. 1986).

The Plaintiff has failed to allege that Sheriff Fuller or Jail Administrator Johnson was in any way personally involved in any alleged violation of Plaintiff's constitutional rights. Plaintiff has offered no allegation demonstrating that these named Defendants were in any way involved in the actions he claims were constitutionally infirm. There are absolutely no facts to show that Sheriff Fuller or Jail Administrator Johnson personally participated in these claims, nor does the

Plaintiff allege specifically how these Defendants violated his constitutional rights in regard to these claims. As such, all of the Plaintiff's claims against Sheriff Fuller and Jail Administrator Johnson are due to be dismissed.

To the extent that Plaintiff's claims are an attempt to hold Sheriff Fuller, Jail Administrator Johnson, and Craig Davidson liable under a *respondeat superior* theory, his claim must similarly fail.

> [Supervisory] liability under § 1983 must be based on something more than a theory of *respondeat superior*. Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions and the supervising official and the alleged constitutional violation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged depravation, and he fails to do so.

Dolihite v. Maughon, 74 F.3d 1027, 1052 (11th Cir. 1996).

### E.     Plaintiff's claims for injunctive relief are moot.

Subject matter jurisdiction is a "threshold issue" which a Plaintiff must establish to the Court's satisfaction before he may prevail on any of his claims. See generally, Rosado v. Wyman, 397 U.S. 397, 402 (1970); Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998). In the instant case, the Plaintiff cannot overcome this initial hurdle with regard to his claim for injunctive relief because the Plaintiff's claims for injunctive relief are moot. "[A] moot suit 'cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.'" National Advertising Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005). As is evident from the face of the Plaintiff's Complaint, the Plaintiff has been released from the Randolph County Detention Center. Therefore, his claims for injunctive relief are moot. Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986). Accordingly, to the extent that the Plaintiff's Complaint seeks injunctive relief, it fails for lack of

subject matter jurisdiction.

    **F.**    **Summary Judgment Standard**

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. <u>Greason v. Kemp</u>, 891 F.2d 829, 831 (11th Cir. 1990). However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. <u>See</u> <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" <u>Reeves</u>, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299. "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (<u>en banc</u>) quoting <u>Massachusetts School of Law v. American Bar</u>, 142 F.3d 26, 40 (1st Cir. 1998).

## CONCLUSION

Defendants deny each and every allegation made by Plaintiff James Leonard Johnson, in the Complaint. Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

## MOTION FOR SUMMARY JUDGMENT

Defendants respectfully request that this Honorable Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

Respectfully submitted this 13th day of February, 2006.

                                                         **s/C. Richard Hill, Jr.**
C. RICHARD HILL, JR. Bar No. HIL045
Attorney for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: rhill@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of February, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

James Leonard Johnson
Calhoun County Jail
400 West 8th Street
Anniston, AL 36201

                                                  **s/C. Richard Hill, Jr.**
                                                OF COUNSEL