IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

JAMES LEONARD JOHNSON          *

    Plaintiff,                                 *

         v.                                    *          3:05-CV-1202-MHT
                                                                      (WO)

SHERIFF OF RANDOLPH COUNTY,   *
*et al.*,
                                                  *

    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 24, 2006 Plaintiff filed a Motion to Dismiss Complaint. (Doc. No. 20.) Upon consideration of Plaintiff's motion, the court concludes that it is due to be granted. Furthermore, the court concludes that this case should be dismissed without prejudice. *See* Rule 41(a)(2), *Federal Rules of Civil Procedure*.

Dismissal without prejudice pursuant to Rule 41(a)(2) at the insistence of Plaintiff is committed to the sound discretion of this court, and absent some plain legal prejudice to Defendants, denial of the dismissal constitutes an abuse of this court's discretion. *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855 (11th Cir. 1986). Simple litigation costs, inconvenience to Defendants, and the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice. *Id*. *See also Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967).

The court has carefully reviewed the file in this case and determined that even if

Defendants were given an opportunity to file a response to Plaintiff's motion to dismiss, they would not be able to demonstrate the existence of clear legal prejudice. Consequently, the court concludes that this case should be dismissed without prejudice on the motion of Plaintiff.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's Motion to Dismiss Complaint (Doc. No. 20) be GRANTED.

2. This case be DISMISSED without prejudice.

3. No costs be taxed herein.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **April 11, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 29th day of March 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE